UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04034-AYP Date: September 21, 2026

Title Fazal Wajid v. Ernesto Santacruz Jr. et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING SECOND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 12)**

On July 20, 2026, Fazal Wajid ("Petitioner") filed a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and an Ex Parte Application for Temporary Restraining Order ("First TRO," Dkt. No. 3). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Facility located in Adelanto, California, and seeks a TRO requiring Respondents to release him from detention. The Court denied Petitioner's First TRO application on July 21, 2026. (Dkt. No. 7.)

Petitioner filed a Second Ex Parte Application for TRO on September 11, 2026. (Dkt. No. 12 ("Second TRO").) Respondents filed an Opposition to the Second TRO on September 15, 2026. (Dkt. No. 13.) That same day, Petitioner filed a Reply to the Opposition to the Second TRO. (Dkt. No. 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04034-AYP Date: September 21, 2026

Title Fazal Wajid v. Ernesto Santacruz Jr. et al

This case is governed by Central District of California General Order 26-05, which was adopted in response to the substantial and increasing volume of § 2241 immigration habeas petitions filed in this District and to ensure their uniform, expedited, and orderly resolution on the merits. (*See* Dkt. No. 5.) The General Order establishes an accelerated briefing schedule—requiring a government answer within seven days of service and a prompt reply thereafter—along with procedures for immediate service and prompt adjudication of the petition in its entirety.

The Court previously denied Plaintiffs' motion for a TRO for failure to show irreparable harm. (Dkt. No. 7.) Petitioner now renews his motion seeking a Court order to direct Respondents to release him from custody and to provide him with an individualized custody hearing. (Second TRO.) The Petitioner asks this Court to grant emergency relief due to a reclassification of Petitioner as an arriving alien. (Second TRO at 2.)

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008). Filing an ex parte motion, "is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'", where "[t]here had better be a fire." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The claims Petitioner alleges in this Second TRO are proper subject matter for a ruling on the habeas petition, not emergency relief. Petitioner cannot demonstrate the requisite basis for emergency relief under *Winter v. Natural Resources Defense Council*, because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) (Petitioner "must establish ... that he is likely to suffer irreparable harm in the absence of preliminary relief").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04034-AYP Date: September 21, 2026

Title Fazal Wajid v. Ernesto Santacruz Jr. et al

Petitioner therefore has not shown irreparable harm warranting a TRO during the pendency of his habeas proceedings. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (finding the underlying purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing."). Accordingly, Petitioner's TRO Application is DENIED.

Accordingly, the Court hereby Orders the following:

1. In consideration of the expedited procedures established by General Order 26-05, which provide for prompt resolution of the Petition itself, the Application for Temporary Restraining Order is DENIED without prejudice.
2. Respondents are ORDERED not to remove Petitioner from this judicial district pending the resolution of this matter.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp